**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| DONALD MAC MORROW,<br><br>Plaintiff,<br><br>vs.<br><br>DAN BAKER, TYLER DUGGER,<br>AND CITY OF MILES CITY<br>COURT SYSTEM,<br><br>Defendants. | CV 26-8-BLG-WWM<br><br><br>ORDER DISMISSING CASE |

Plaintiff Donald Mac Morrow, proceeding without counsel, filed a Complaint for Violation of Civil Rights ("Complaint") alleging violations of his constitutional rights in Custer County, Montana. (Doc. 1). The Court must abstain from hearing Morrow's Complaint, and it is dismissed.

## I.   STATEMENT OF THE CASE

### A.   Parties

Morrow is an inmate at the Custer County Detention Center, Miles City, Montana, awaiting sentencing. (Doc. 1 at 4). Morrow names public defender Tyler Dugger, the City of Miles City Court System, Miles City Police Department Captain Dan Baker, and the City of Miles City Court System as defendants. (Doc. 1 at 2 - 3).

### B.    Allegations

Morrow cites two constitutional sources for his claims, the Fourteenth Amendment's Due Process clause, and the Sixth Amendment's right to counsel. (Doc. 1 at 3).  Morrow's claims relate to his detention and prosecution in Custer County, Montana, from October 26, 2023, to June 5, 2024.  (Doc. 1 at 5).  First, Morrow alleges his right to due process was violated, because Defendant Captain Baker coerced him into making a statement without his lawyer present by threatening Morrow's son.  (Doc. 1 at 4 - 5).  Morrow spent 21 days in jail without an arraignment or meeting a lawyer.  *Id.*  In addition, he alleges that Defendant Dugger provided ineffective assistance of counsel in Morrow's defense.  *Id.*

Morrow seeks injunctive relief in the form of "all charges dropped with prejudice".  (Doc. 1 at 6).

## II.    SCREENING STANDARD

Morrow is an inmate proceeding in forma pauperis against a governmental defendant, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A.  Section 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,*

490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

## III.   SCREENING ANALYSIS

Morrow's claims regarding his detention and prosecution are currently inappropriate for resolution as a § 1983 claim, and the Court must abstain from hearing them. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). In this case, where Morrow has not yet been sentenced on his criminal charges and seeks only injunctive relief, the Court must abstain.

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's

3

interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 (citing *Gilbertson v. Albright*, 381 F.3d 965, 983-84 (9th Cir. 2004) (en banc)).

Here, the "threshold elements" of *Younger* are present. First, Morrow's allegations all relate to ongoing criminal proceedings against him. State criminal enforcement actions implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana has a significant state interest in enforcing the criminal laws of Montana. This Court may not interfere with those interests when the process is ongoing.

Second, Morrow will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. "The Supreme Court has been clear that *Younger* abstention is motivated by the need to

4

refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the "even more vital consideration" of comity." *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir. 2023). Morrow suggests that he has not had these opportunities in district court thus far. (Doc. 16-1 at 17 - 20). Morrow has not yet been sentenced on his charges. He will then have the state appeals process to vindicate his rights regarding his prosecution. Morrow has opportunities within his ongoing criminal proceedings in Montana courts to address any alleged violations of his federal rights.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816-17 (9th Cir. 2003). Here, a determination regarding Morrow's claims would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. The sole relief sought by Morrow is dismissal of the charges against him.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Morrow's claims. If abstention is appropriate under *Younger* and the federal plaintiff seeks only injunctive or declaratory relief, as Morrow does here, the proper procedural remedy is dismissal of the federal action.

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007). Accordingly, Morrow's Complaint is dismissed.

Notwithstanding the above analysis, Morrow fails to state a claim against two defendants. A claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). Morrow fails to state a claim under this law against two of his named defendants, Dugger and the City of Miles City Court System.

Dugger, as a public defender, is not a state actor liable to suit under 42 U.S.C. § 1983. The actions of Morrow's lawyer cannot be considered to be "state action," because they are specifically opposed to the state in the court of law. "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders do not act under color of law within the meaning of § 1983).

6

Likewise, the City of Miles City Court System is not a person capable of being sued under § 1983. What exactly Morrow means by naming this defendant is unclear, because he never alleges any facts that show that the Court System violated his rights somehow. On that ground alone, Morrow fails to state a claim. But if Morrow intends to sue a judge, based on some act related to his trial, his claim also fails. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Lund v. Cowan,* 5 F.4th 964, 972 (9th Cir. 2021). The City of Miles City Court System is not a proper defendant under § 1983 and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED:**

1.    Morrow's Complaint is **DISMISSED**.

2.    The Clerk of Court is directed to close this matter.

3.    The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 17th day of March, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE